# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| COX COMMUNICATIONS, INC., | |
| Plaintiff, | |
| | CIVIL ACTION NO. \_\_\_\_\_ |
| v. | |
| AT&T, INC. and<br>AT&T SERVICES, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cox Communications, Inc. ("Cox") files this Complaint for Patent Infringement against Defendants AT&T, Inc. and AT&T Services, Inc. ("Defendants" or "AT&T"), and alleges as follows:

## The Parties

1. Plaintiff Cox is a corporation organized and existing under the laws of the State of Georgia, having a principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia.

2. Upon information and belief, Defendant AT&T, Inc. is a Delaware corporation having a principal place of business in Dallas, Texas. AT&T, Inc. may be served by service upon its registered agent, CT Corporation System, at 1201 Peachtree Street NE, Atlanta, GA 30361.

3. Upon information and belief, Defendant AT&T Services, Inc. is a Delaware corporation having a principal place of business in Dallas, Texas. AT&T, Inc. may be served by service upon its registered agent, CT Corporation System, at 1201 Peachtree Street NE, Atlanta, GA 30361.

## Nature of Action

4. This is a civil action for patent infringement under the patent laws of the United States, Title 35, United States Code, seeking monetary damages and other relief against AT&T due to its infringement of Cox's United States Patent Nos. 7,992,172 ("the '172 patent"), 8,332,889 ("the '889 patent"), and 5,999,970 ("the '970 patent") (attached as Exhibits A-C, respectively).

## Jurisdiction and Venue

5. This Court has jurisdiction over the subject matter of this action based on 28 U.S.C. §§ 1331 and 1338(a) because this dispute is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.* Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and

1400(b). Upon information and belief, the Defendants have transacted business in this District, and have committed and/or induced acts of patent infringement in this District.

6. Upon information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Georgia Long Arm Statute, due at least to the Defendants' substantial business in this forum, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals and businesses in Georgia and in this District.

## Background

7. Cox is based in Atlanta, Georgia and is a telecommunications company operating subsidiaries that offer services in twenty-two (22) states. Cox's services include broadcast cable television, video on demand, internet access, and telephony.

8. AT&T is engaged in the provision of Internet Protocol television (IPTV), broadband Internet, and IP telephone services to the subscribers of its U-Verse service packages. AT&T also provides rental and installation of the customer-premises equipment (CPE) necessary to receive and utilize its services.

9. Cox is the owner by assignment of U.S. Patent No. 7,992,172 ("the '172 patent") entitled "Method and System for Multicast Using Multiple Transport Streams," which was filed as U.S. patent Application No. 09/679,210 on Oct. 4, 2000 and duly and legally issued on Aug. 2, 2011. A copy of the '172 patent is attached as Exhibit A to the complaint.

10. Cox is the owner by assignment of U.S. Patent No. 8,332,889 ("the '889 patent") entitled "Generating a personalized video mosaic in a cable services network," which was filed as U.S. patent Application No. 11/704,700 on February 9, 2007 and duly and legally issued on December 11, 2012. A copy of the '889 patent is attached as Exhibit B to the complaint.

11. Cox is the owner by assignment of U.S. Patent No. 5,999,970 ("the '970 patent") entitled "Access system and method for providing interactive access to an information source through a television distribution system," which was filed as U.S. patent Application No. 08/630,397 on April 10, 1996 and duly and legally issued on December 7, 1999. A copy of the '970 patent is attached as Exhibit C to the complaint.

12. The '172 Patent, '889 Patent, and '970 Patent are referred to collectively as the "Patents-In-Suit." The Patents-In-Suit relate to systems and

methods for improving the quality and functionality of interactive television services, as well as enhancing and simplifying the subscribing-user experience.

13.   AT&T provides Interactive Program Guide (IPG) data and functionality to subscribers by practicing the claims of the '172 patent.

14.   AT&T further provides a subscriber-personalized mosaic channel by practicing the claims of the '889 patent.

15.   AT&T also transmits data to subscriber terminals as claimed by the '970 patent.

## COUNT I
## Infringement of U.S. Patent No. 7,992,172

16.   Cox repeats and realleges paragraphs 1-15 above as if set forth herein.

17.   On information and belief, AT&T has directly infringed and continues to infringe on or more claims of the '172 Patent within the meaning of 35 U.S.C. § 271 by, without Cox's authority, importing, making, using, selling, and/or offering to sell in the United States AT&T products incorporating the technology covered by the '172 Patent.  The accused products include, at least, the AT&T U-Verse IPTV system and service, which provide encoded interactive program guide pages from the system headend to the subscriber's receiver (*e.g.*, set top box) via transport streams.

18. On information and belief, AT&T has encouraged and continues to actively encourage employees, customers, and/or subscribers to directly infringe the '172 Patent by at least (a) marketing AT&T U-Verse systems and services incorporating the technology covered by the '172 Patent to customers and/or subscribers, (b) providing user guides and technical demonstrations to customers and/or subscribers that encourage the use of applications and methods of use for such AT&T systems and services incorporating the technology covered by the '172 Patent, including those on AT&T's website, https://www.att.com/shop/u-verse.html, and (c) providing technical support and assistance to customers and/or subscribers during the life cycle of the AT&T systems and services incorporating the technology covered by the '172 Patent.

19. On information and belief, as a proximate result of AT&T's inducement, the employees, customers, and/or subscribers directly infringed and continue to directly infringe the '172 Patent through the use of AT&T U-Verse systems and services incorporating the technology covered by the '172 Patent.

20. At least as of the filing of this Complaint, AT&T has proceeded with specific intent that it is inducing direct infringement of the '172 Patent.

21. Based on, among other things, the foregoing facts, AT&T has induced and/or contributed to infringement under 35 U.S.C. § 271 of one or more claims of the '172 Patent.

22. If and to the extent that AT&T contends that the infringement in question is not literal, Cox contends that, at a minimum, said infringement occurs under the doctrine of equivalents.

23. Cox has suffered and will continue to suffer damages as a result of AT&T's direct and/or indirect infringement of one or more claims of the '172 Patent in an amount to be proven at trial, and is entitled to relief under 35 U.S.C. § 284.

## COUNT II
### Infringement of U.S. Patent No. 8,332,889

24. Cox repeats and realleges paragraphs 1-15 above as if set forth herein.

25. On information and belief, AT&T has directly infringed and continues to infringe one or more claims of the '889 Patent within the meaning of 35 U.S.C. § 271 by, without Cox's authority, importing, making, using, selling, and/or offering to sell in the United States AT&T products incorporating the technology covered by the '889 Patent. The accused products include, at least, the AT&T U-Verse "My Multiview" service, which provides a personalized video

mosaic generated in response to a user request selecting a specific set of video sources for video on the My Multiview channel.

26. On information and belief, AT&T has encouraged and continues to actively encourage employees, customers, and/or subscribers to directly infringe the '889 Patent by at least (a) marketing AT&T U-Verse systems and services incorporating the technology covered by the '889 Patent to customers and/or subscribers, (b) providing user guides and technical demonstrations to customers and/or subscribers that encourage the use of applications and methods of use for such AT&T systems and services incorporating the technology covered by the '889 Patent, including those on AT&T's website, https://www.att.com/shop/u-verse.html, and (c) providing technical support and assistance to customers and/or subscribers during the life cycle of the AT&T systems and services incorporating the technology covered by the '889 Patent.

27. On information and belief, as a proximate result of AT&T's inducement, the employees, customers, and/or subscribers directly infringed and continue to directly infringe the '889 Patent through the use of AT&T U-Verse systems and services incorporating the technology covered by the '889 Patent.

28. At least as of the filing of this Complaint, AT&T has proceeded with specific intent that it is inducing direct infringement of the '889 Patent.

29. Based on, among other things, the foregoing facts, AT&T has induced and/or contributed to infringement under 35 U.S.C. § 271 of one or more claims of the '889 Patent.

30. If and to the extent that AT&T contends that the infringement in question is not literal, Cox contends that, at a minimum, said infringement occurs under the doctrine of equivalents.

31. Cox has suffered and will continue to suffer damages as a result of AT&T's direct and/or indirect infringement of one or more claims of the '889 Patent in an amount to be proven at trial, and is entitled to relief under 35 U.S.C. § 284.

## COUNT III
### Infringement of U.S. Patent No. 5,999,970

32. Cox repeats and realleges paragraphs 1-15 above as if set forth herein.

33. On information and belief, AT&T has directly infringed and continues to infringe on or more claims of the '970 Patent within the meaning of 35 U.S.C. § 271 by, without Cox's authority, importing, making, using, selling, and/or offering to sell in the United States AT&T products incorporating the technology covered by the '970 Patent. The accused products include, at least, the AT&T U-Verse IPTV system and service, which provide subscribers interactive

access to information by way of, in response to a request from an input device, inserting the information into the blank intervals of transmitted picture fields.

34. On information and belief, AT&T has encouraged and continues to actively encourage employees, content providers, customers, and/or subscribers to directly infringe the '970 Patent by at least (a) marketing AT&T U-Verse systems and services incorporating the technology covered by the '970 Patent to customers and/or subscribers, (b) providing user guides and technical specifications to content providers, customers, and/or subscribers that encourage the use of applications and methods of use for such AT&T products incorporating the technology covered by the '970 Patent, including those on AT&T's website, https://www.att.com/shop/u-verse.html, and (c) providing technical support and assistance to customers and/or subscribers during the life cycle of the AT&T systems and services incorporating the technology covered by the '970 Patent.

35. On information and belief, as a proximate result of AT&T's inducement, the employees, content providers, customers, and/or subscribers directly infringed and continue to directly infringe the '970 Patent through the use of AT&T U-Verse systems and services incorporating the technology covered by the '970 Patent.

36. At least as of the filing of this Complaint, AT&T has proceeded with specific intent that it is inducing direct infringement of the '970 Patent.

37. Based on, among other things, the foregoing facts, AT&T has induced and/or contributed to infringement under 35 U.S.C. § 271 of one or more claims of the '970 Patent.

38. If and to the extent that AT&T contends that the infringement in question is not literal, Cox contends that, at a minimum, said infringement occurs under the doctrine of equivalents.

39. Cox has suffered and will continue to suffer damages as a result of AT&T's direct and/or indirect infringement of one or more claims of the '970 Patent in an amount to be proven at trial, and is entitled to relief under 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff Cox respectfully requests that this Court enter judgment against Defendants as follows:

(a) Adjudging that AT&T has directly infringed and infringes the Patents-in-Suit in violation of 35 U.S.C. § 271;

(b) In the event that literal infringement is not found with respect to one or more of the Patents-in-Suit, adjudging that AT&T has directly infringed said patent(s) under the doctrine of equivalents;

(c) Adjudging that AT&T has contributed to the infringement of the Patents-in-Suit by others and/or induced the infringement of the Patents-in-Suit by others in violation of 35 U.S.C. § 271;

(d) Issuing a permanent injunction barring AT&T from practicing or providing systems or services that practice the claims of the Patents-in-Suit;

(e) Awarding Cox the damages to which it is entitled under 35 U.S.C. § 284 for AT&T's past infringement and any continuing or future infringement up until the date Defendants are finally and permanently enjoined from further infringement;

(f) Awarding Cox of such monetary damages to which it is entitled to compensate it for AT&T's infringement of the Patents-in-Suit, with pre-judgment and post-judgment interest as fixed by the Court;

(g) Declaring this to be an exceptional case, and awarding Cox its costs, expenses, and fees, including reasonable attorneys' fees, in this action pursuant to 35 U.S.C. § 285;

(h) Such other relief as this Court may deem just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Cox hereby demands a trial by jury on all claims and issues so triable.

Dated this 11th day of May, 2015.

        Respectfully submitted,

        <u>/s/ *John L. North*</u>
        John L. North
        Georgia Bar No. 545580
        Steven G. Hill
        Georgia Bar No. 354658
        Jennifer L. Calvert
        Georgia Bar No. 587191
        **HILL, KERTSCHER & WHARTON, LLP**
        3350 Riverwood Parkway, Suite 800
        Atlanta, GA 30339
        Tel: (770) 953-0995
        Fax: (770) 953-1358
        Email: jln@hkw-law.com
               sgh@hkw-law.com
               jc@hkw-law.com

        **PROSKAUER ROSE LLP**
        Steven M. Bauer (*pro hac vice*)
        Jinnie Reed (*pro hac vice*)
        Scott Bertulli (*pro hac vice*)
        One International Place
        Boston, MA 02110-2600
        Tel. (617) 526-9700
        Fax (617) 526-9899

        *Attorneys for Plaintiff*