**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **COX COMMUNICATIONS, INC.,** | |
| **Plaintiff,** | **Civil Action No. 1:15-CV-01657-AT** |
| **v.** | |
| **AT&T SERVICES, INC.,** | |
| **Defendant.** | **JURY TRIAL** |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff Cox Communications, Inc. and Defendant AT&T Services, Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or

includes, in whole or in part, confidential or proprietary information or trade secrets of the Party, or of any person who is not a Party to this Action ("Third Party") to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").

2. Any document produced under Civil Local Rule 26.2 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" (collectively, "DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation:

(a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition

---

[1] The term DESIGNATED MATERIAL is used throughout this Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.  Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected

Materials, and re-designate any documents, information or material derived from or based thereon.

5. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose, unless expressly agreed upon by the Parties or otherwise ordered by this Court also to be used in *AT&T Intellectual Property I, L.P. and AT&T Intellectual Property II, L.P. v. Cox Communications, Inc., et al.*, Civil Action No. 14-1106-GMS, filed on August 28, 2014 in the U.S. District Court for the District of Delaware.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

6. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written

consent of the designating Party, upon order of the Court, or as set forth in paragraph 15 herein:

(a)     Outside Counsel of record in this Action for the Parties. Outside Counsel shall mean attorneys who are not employees of any named party to this Action or any Related Entity[2], but who are retained to represent or advise a named party to this Action or any Related Entity, including support personnel; contract attorneys; paralegals; consultants; legal secretaries; and legal clerks;

(b)     employees of Outside Counsel assigned to and reasonably necessary to assist Outside Counsel in the litigation of this Action and service vendors of Outside Counsel (including outside copying services and outside litigation support services such as graphics design, jury consultants, translators and interpreters) assisting in the conduct of the Action;

(c)     up to and including four (4) designated in-house counsel for each of the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action. Cox's designated in-house counsel shall include Kristen Weathersby and

---

[2]"Related Entity" shall mean any parent, subsidiary or other legal business entity owned or controlled by a common ancestor business entity.

Stephanie Allen-Wang; AT&T's designated in-house counsel are Timothy Dyll, Brian Gaffney, Pamela Huelster, and Suzanne Montgomery.

(d)　up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action. Each designated representative of each of the Parties shall execute the Undertaking attached hereto as Appendix A prior to any disclosure of Confidential Information to such representative, and the signed Undertaking shall be served promptly upon the Designating Party. Within three (3) business days of service of such Undertaking, the Designating Party may object to the disclosure of its Confidential Information to a particular representative of the Receiving Party, and such objection shall be communicated in writing, stating the reason(s) for the objection. If an objection is raised, the Parties shall promptly attempt to resolve the objection in good faith. No disclosure shall be made until the objection is resolved by agreement of the Parties or by the Court. If no objection is raised by the Designating Party within three (3) business days of service of the Undertaking of a Party's representative, the Receiving Party shall be allowed to disclose the Confidential Information;

(e)     outside consultants or experts[3] (i.e., not existing employees or affiliates of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the Producing Party with (a) a current curriculum vitae of the consultant or expert, (b) disclosure of the consultant's or expert's publications for the last eight years, and (c) disclosure of any legal action or proceeding (by name and number of the case and court) in connection with which the consultant or expert was retained or testified at trial or by deposition during the past four years, at least ten (10) days before access to the Protected Material is to be given to that consultant.  Within that ten (10) day time period, the Producing Party may request in writing additional information regarding the outside consultant or expert that the Producing Party believes in good faith is reasonably necessary and/or raise any objection, and the Parties agree to confer within five (5) days after any objection is raised and use good faith to resolve any objection.  If the Parties are unable to resolve any objection, the

---

[3] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order. If no objection is raised by the Designating Party within ten (10) days of service of the Undertaking of a proposed consultant or expert, the Receiving Party shall be allowed to disclose the Confidential Information;

(f)    independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)    the Court and any of its staff and administrative personnel, and Court reporters, videographers, or stenographers employed to transcribe or record the testimony at a deposition or trial, and any other essential personnel retained by the Court; and

(h)    Any other person only upon order of the Court or upon stipulation of the Designating Party.

7. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

8. RESTRICTED – ATTORNEYS' EYES ONLY" is reserved for CONFIDENTIAL information that constitutes (a) marketing, financial, sales, web traffic, research and development, or non-public technical data or information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data relating to future products not yet commercially released and/or strategic plans; and, (d) commercial agreements, license agreements, license negotiation communications, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.  Documents marked CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL or RESTRICTED CONFIDENTIAL shall be treated as if designated RESTRICTED – ATTORNEYS' EYES ONLY.  In determining whether information should be designated as RESTRICTED – ATTORNEYS' EYES ONLY, each party agrees to

use such designation only in good faith. To the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) (collectively, "Source Code Material"), the Producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9. For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 6(a-b) and (e-g).

10. The RESTRICTED CONFIDENTIAL SOURCE CODE designation is reserved for CONFIDENTIAL information that contains or substantively relates to a Party's "Source Code," which shall mean documents containing or substantively relating to confidential, proprietary and/or trade secret source code or technical design documentation, including computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.  The following conditions shall govern the production, review and use of source code or design documentation information.

11. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)    Electronic access to a Party's Source Code Material shall be provided on two secure Windows-based "stand-alone" computers (that is, the computer(s) may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet, or any peripheral device except for a local printer provided as follows) (the "Source Code Computer(s)"). The parties agree to work together in good faith to address reasonable requests for additional source code computers. The Source Code Computer(s) shall be connected to a local laser printer for on- site printing during inspection of Source Code Material.   Additionally, except as provided in paragraph 11(n) below, the Source Code Computer(s) may only be located in a secure room (the "Source Code Review Room") at the offices of the Producing Party's outside counsel, namely, the Boston office of Proskauer Rose LLP for the plaintiffs, and the Dallas office of McKool Smith, P.C. for the defendants.

(b)    The Producing Party shall install utilities or tools that are sufficient for viewing and searching the code produced, on the platform produced.  At a minimum, the utilities or tools should provide the ability to (i) view, search, and line-number any source file, (ii) search for a given pattern of text through a number of files, and (iii) compare two files and display their differences.  The Receiving Party's outside

- 11 -

counsel, experts, and/or consultants may request that commercially available software tools for viewing and searching Source Code Material be installed on the Source Code Computer(s).  The Receiving Party must provide the Producing Party with electronic media containing such software tool(s), or links to a public location from which such software tool(s) may be downloaded, and any necessary licenses at least three (3) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer(s). Specific tools may include but are not limited to: SciTools Understand, Notepad++, Beyond Compare, XCode tools, Visual Slick Edit, Source-Navigator, PowerGrep, ExarnDiffPro, Sigasi, UltraEdit Studio, Graphviz, Directory OpusEclipse, or other similar programs.

(c)    The Producing Party shall make the Source Code Material available electronically and in native form or the form that it is kept in the normal course of business in the Source Code Review Room at the offices of the Producing Party's outside counsel as defined in paragraph 6(a) or any other location mutually agreed by the parties.

(d)    In order to verify that its Source Code Material has not later been altered, the Producing Party may benchmark the Source Code Material to confirm that the Source Code Material has not been altered before and after provided, but

shall not install any keystroke or other monitoring software on the stand-alone computers.

(e)     The Receiving Party shall have access to the Source Code Computer(s) during normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. local time, Monday through Friday, excluding Legal Holidays as defined in Federal Rule 6(a)(6), unless otherwise agreed to by the Parties. However, upon reasonable notice from the receiving Party, the Producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computers outside of normal business hours.  The Parties also acknowledge that inspection(s) of Source Code Material may span multiple days, and the Parties will cooperate in good faith in scheduling such inspection(s). The Parties further agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.  The Receiving Party must provide at least five (5) business days' notice to the Producing Party prior to accessing the Source Code Computer(s) for the first time and one (1) business day's notice prior to accessing the Source Code Computer(s) on any non-consecutive business day thereafter.

(f)     The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computer(s) in order to access the produced Source Code Material on the stand-alone computers.

(g)     No recordable media or storage devices, including without limitation cellular or smart telephones, sound recorders, scanner, camera, CDs, DVDs, or external drives of any kind, shall be permitted into the Source Code Review Room. The Receiving Party's counsel and/or experts shall be entitled to take notes relating to the Source Code Material but may not copy the Source Code Material into the notes and may not take such notes on the Source Code Computer itself. Notwithstanding the foregoing, such notes may include file names, line numbers, and textual descriptions of functions or operations.  No copies of all or any portion of the Source Code Material may leave the Source Code Review Room except as otherwise provided herein. Further, no other written or electronic record of the Source Code Material is permitted except as otherwise provided herein.

(h)     Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to individuals listed in paragraphs 6(a-b) and (e- g).  A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition

transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

(i)      To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE.

(j)      No portions of Source Code Material shall be downloaded, nor any electronic copies created, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be provided, filed or served electronically. Should such electronic media be created, it shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such.

(k)      At the Receiving Party's request, the Producing Party shall within five (5) business days provide one (1) hard copy print-out of the specific lines, pages, files, or filepaths of the Source Code that the receiving Party believes in good faith are necessary to understand a relevant feature of an accused instrumentality, along

- 15 -

with a native Microsoft Excel file that lists the filepath and filename, as they appear on the stand-alone computers, of each requested file, correlated to the beginning Bates number of the corresponding print-out.  Alternatively, the Producing Party may brand printouts with the filepath and filename of each file, as it appears on the stand-alone computers.    Printouts shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." The Receiving Party may optionally provide the Producing Party with watermarked pre-Bates numbered paper, provided the watermarks do not obscure the printed source code. If the Receiving Party provides such paper, the Producing Party shall print all original printouts of the source code directly onto the watermarked and numbered sides of the provided paper.  At the discretion of the Producing Party, the Producing Party may make available a local laser printer for on-site printing during inspection of Source Code Material. No paper print-outs shall be made of Source Code Material except for: (i) portions reasonably anticipated by the Receiving Party to be necessary for use in, and preparation for, court filings and proceedings, expert reports, and depositions of persons or entities permitted to access "RESTRICTED CONFIDENTIAL SOURCE CODE" information of the Producing Party; and (ii) such other uses to which the Parties may agree or that the Court may order.  The Receiving Party shall be permitted to print no more than 30 consecutive pages of

any one source code file, provided that any reasonable extensions of those page limits will be considered promptly by the Producing Party in good faith. The Receiving Party may optionally provide the Producing Party with watermarked pre-Bates numbered paper, provided the watermarks do not obscure the printed source code. The Receiving Party may make up to five (5) copies of any Source Code printouts, provided that all copies are provided the same protections and limitations as original Source Code Documents as disclosed herein.

(l)      If, at the discretion of the Producing Party, the Producing Party makes available a local laser printer for on-site printing during inspection of Source Code Material, the Receiving Party shall maintain a log of all Source Code Material that is printed. The log shall include the original name and location (i.e., directory path) of each printed Source Code Material or otherwise a unique identifier of the Source Code Material. This log shall be maintained in electronic form, and stored locally on the Source Code Computer.

(m)     If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts or photocopies at:

(i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); (iii) the Court for any filing(s) related to the Source Code Material, filed under court seal; and (iv) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition). All paper copies shall be securely destroyed if they are no longer necessary in this Action (e.g., extra copies at the conclusion of a deposition).

(n)     A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 11(h) above to another person authorized under paragraph 11(h) above, on paper via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

(o)     The Producing Party shall make whatever Source Code Material it has produced to date available in electronic form at any Court proceeding(s) or deposition(s) upon receiving a written request from the Receiving Party at least five (5) business days prior to any such Court proceeding(s) or deposition(s). Source

Code Material is at all times subject to the transport restrictions set forth in Paragraph 11(n) herein.

(p)    Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; instead, the deposition record will identify any Source Code Material marked as an exhibit only by its production numbers.

(q)    The Receiving Party shall maintain a log of all individuals who have accessed the Source Code Computer(s).  The log shall be made available to the Producing Party upon reasonable request.  The log shall include the name of each individual who accessed the Source Code Computer(s) and the date(s) upon which each individual accessed the Source Code Computer(s).  Such log and any information from it shall be inadmissible in this litigation except in connection with proceedings before the Court regarding any alleged violations of this Protective Order.

12. In no event shall a Receiving Party use DESIGNATED MATERIAL of a Producing Party for the purpose of preparing or prosecuting any patent application before the U.S. Patent and Trademark Office or any foreign or international patent office. Individuals who actually access material designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE

CODE (other than non-technical information potentially relevant to damages issues and/or settlement negotiations) shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. Such individuals may participate, counsel, or assist in inter partes review, reexamination, reissue, and post-grant review proceedings and activities of any patent pertaining to the field of the invention, so long as the individuals do not prepare, prosecute, supervise, counsel or assist in the amendment of claims.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise, counsel or assist in the preparation or prosecution of any patent application pertaining to the field of invention. The parties may, on a case by case basis and in their sole discretion, by written agreement between the Producing Party and the Receiving Party, provide for disclosure of specified Designated Material to

specified individual(s) in a manner that shall be exempt from the application of the prosecution bar of this section.

13. Inadvertent production of privileged documents or attorney work product shall be governed by Fed. R. Evid. 502 and Fed. R. Civ. P. 26(b)(5)(B). The production or disclosure of any information (including documents) in this Action that a Party or Third Party ("Producing Party") later claims should not have been produced due to a privilege or protection from discovery, including but not limited to any attorney-client privilege, work product privilege, joint defense privilege, or settlement privilege, shall not be deemed to waive any such privilege or protection. A Producing Party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return.  If a receiving Party receives information that the receiving Party believes may be subject to a claim of privilege or protection from discovery, the receiving Party shall promptly identify the information to the Producing Party. When a Producing Party or receiving Party identifies such privileged or protected information, a receiving Party: 1) shall not use, and shall immediately cease any prior use of, such information; 2) shall take reasonable steps to retrieve the information from others to which the receiving Party disclosed the information; 3) shall within five (5) business days of the Producing Party's request return to the Producing Party or destroy the

information and destroy all copies thereof; and 4) shall confirm to the Producing Party the destruction under 3) above of all copies of the information not returned to the Producing Party.  No one shall use the fact or circumstances of production of the information in this Action to argue that any privilege or protection has been waived. Within fourteen (14) days after a Producing Party or receiving Party identifies the information, and not thereafter, the receiving Party may file a motion to compel the production of the information on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this Action.  The Producing Party and the receiving Party shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel. Notwithstanding this provision, no Party shall be required to return or destroy any information that may exist on any disaster recovery backup system.

14. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

15. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is:  (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the Producing Party or a current or former officer, director or employee of a company affiliated with the Producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 9 and 11 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court.

16. Parties may, at the deposition or hearing or within thirty (30) days after receipt of an official deposition or hearing transcript (i.e., not a rough draft), designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until the expiration of thirty (30) days after receipt of the official transcript of such testimony by the Producing Party, all testimony will be treated as "RESTRICTED –ATTORNEY'S EYES ONLY." In the event that expedited disclosure may be required by one or more Parties due to an impending deadline regarding preparation of any filing or submission that requires consideration of the Protected Material in question, the concerned Parties shall negotiate in good faith for a shortened expiration period, and, if they cannot reach agreement regarding a shortened expiration period, then the concerned Parties agree to submit the matter to the Court for its determination of the appropriate expiration period. Any portions so designated shall thereafter be treated in accordance with the terms of this Order. No one may attend or review the transcripts or the portions of any depositions or court proceedings at which Protected Material is shown or

discussed other than those individuals qualified to see such Protected Material as set forth in this Order.

17. Native Files.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains CONFIDENTIAL, CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY, or CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY SOURCE CODE material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 6(e), or for any other reason consistent with the provisions of this Protective Order, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

18. Filing under seal.  The Court's Guidelines to Parties and Counsel in Cases Proceeding Before the Honorable Amy Totenberg, available at

http://www.gand.uscourts.gov/sites/default/files/at_case_guidelines.pdf, control the

filing of under seal process.  The Guidelines state, in relevant part:

> As a general matter, this Court will seal only those items enumerated in the court's Standing Order 04-02 regarding sensitive information and public access to electronic case files. If a party has very good cause to request sealing of material marked or identified as ["CONFIDENTIAL", "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE"], the party shall first present directly to Judge Totenberg's chambers a sufficiently supported motion to file under seal. Further, the party shall indicate by entry of a "notice" on the CM/ECF docket that a motion to seal has been presented to the chambers. Attached to the motion should be the material desired to be sealed.[4] The Court will then review the material in camera and make a decision whether to grant or deny the motion to seal. If the Court determines that the motion is to be granted, the Court will forward the motion, a signed order, and accompanying materials to the clerk of the court for entry of the motion on CM/ECF docket and appropriate filing of the sealed materials. If the Court determines that the motion is to be denied, then the Court will contact the filing party, which may then retrieve the motion/materials and determine whether it wants to file the document without a seal.

Guidelines at 21. Further, any DESIGNATED MATERIAL that is filed under seal

shall remain under seal until further order of the Court.  Exhibits to a filing shall

conform to the labeling requirements set forth in this Order.  If a pretrial pleading

filed with the Court, or an exhibit thereto, discloses or relies on confidential

---

[4] As further clarification, the Court notes that a mere reference or discussion of confidential information does not warrant the entire document and all attachments to be filed under seal. Instead, the court is only interested in sealing (or filing in a redacted format) very specific portions of documents that contain or refer to confidential information.

documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19. The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

20. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.   If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an Undertaking that he or she has received a copy of, has read, and has agreed to be bound by this Order.   A copy of the Undertaking is attached as Appendix A.

22. It is expressly contemplated that the protections and obligations provided under this Order apply to non-parties who produce or otherwise provide Protected Material.

23. To the extent that discovery or testimony is taken of Third Parties and in the event that such Third Parties contend that the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order. The Third Parties may designate as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties.   The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs

sooner, all documents, information or other material so produced or given shall be treated as "RESTRICTED -- ATTORNEYS' EYES ONLY" in accordance with this Order.

24. Within 60 days after the later of: 1) dismissal of all claims and defenses in this Action, with or without prejudice; or 2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, each Party must return all materials designated by any other Producing Party or Third Party under this Order to the Producing Party or Third Party, or destroy such material, including all copies, duplicates, abstracts, indexes, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), and provide to the Producing Party or Third Party a written certification of compliance with this provision. Notwithstanding this provision, outside counsel for a Party or Third Party are entitled to retain archival copies of all pleadings, filings, or other documents served by or on any Party or Third Party, trial, deposition, and hearing transcripts, legal memoranda, correspondence, expert reports, attorney work product, and consultant and expert work product, and exhibits to any of these materials, even if such

materials reflect materials designated under this Order. Notwithstanding this provision, no Party or Third Party shall be required to return or destroy any materials designated under this Order that may exist on any disaster recovery backup system. Any such archival and/or backup copies of materials designated under this Order shall remain subject to the provisions of this Order.

25. The inadvertent or unintentional failure to designate documents, information or material in accordance with this Order and the inadvertent or unintentional failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. A receiving Party shall not be in breach of the Protective Order for any use of such discovery information before the receiving party received notice of the inadvertent or unintentional failure to designate. As soon as practicable after a Party has received notice of the inadvertent or unintentional failure to designate pursuant to this provision, the receiving Party shall treat such discovery information as the appropriately designated level pursuant to the terms of the Protective Order. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

26. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

27. No Protected Material may leave the territorial boundaries of the United States of America.  Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form.   The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.   Notwithstanding this prohibition, Protected Material, exclusive of material designated RESTRICTED CONFIDENTIAL – SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.

28. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the

contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

29. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

30. Before disclosing DESIGNATED MATERIAL in an open courtroom at trial or other court hearings in this case, a party must provide notice to the Producing Party so that the Producing Party has a reasonable opportunity to take appropriate action to prevent or limit disclosure of the DESIGNATED MATERIAL in the open courtroom. The Producing Party bears the burden of showing that the Court should prevent or limit disclosure of the DESIGNATED MATERIAL in the open courtroom; otherwise, the DESIGNATED MATERIAL may be used in an open courtroom at trial or other court hearings in this Action without regard to the other provisions in this Order. The Parties agree that the use of DESIGNATED MATERIAL at trial or other court hearings in this case shall not constitute a waiver of or operate in prejudice to any claim of confidentiality in the DESIGNATED MATERIAL.

31. If any entity subpoenas or orders production of DESIGNATED MATERIAL from a Receiving Party that a Receiving Party has obtained subject to this Order, such Receiving Party shall promptly notify the Producing Party in writing as soon as reasonably practicable and in no event more than seven (7) days after receiving the subpoena, document request, or order. Such notification must include a copy of the subpoena, document request, or order. Nothing in this Order should be construed as authorizing a Receiving Party in this Action to disobey a lawful directive in another proceeding.

32. Drafts of expert reports, other writings generated by testifying experts with respect to their work in this case, and communications between Outside Counsel and experts relating to their work in this case shall be considered attorney work product and/or privileged communications and are exempt from discovery in this or any other litigation, unless relied on by the expert as a basis for his or her expert testimony. Nothing in this Order shall be construed to limit the discovery or examination of expert witnesses concerning documents or other information relied on by the expert as a basis for his or her final opinions in this case, or compensation received by such expert witness for his or her testimony, if any, including but not limited to disclosures required by Fed. R. Civ. P. 26(a)(2)(B)(vi).

33. The parties shall confer in good faith to reach agreement on reasonable deadline(s) for the exchange of privilege logs. The parties agree that such logs need not be produced simultaneously with the production of documents and contemplate that such logs shall instead be produced at a reasonable time thereafter. With respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.  The parties further agree that privileged and/or attorney work product materials created on or after September 3, 2009 and involving the participation of the client's trial counsel, in-house counsel, or outside counsel regarding or relating to assertion of the patents-in-suit, negotiation strategies or positions, Cox's alleged infringement or practice of the patents-in-suit, or Cox's positions regarding the invalidity or unenforceability of the patents-in-suit need not be included in such logs and that the absence of any reference to such materials in such logs shall not be deemed to effect a waiver of any applicable claim of privilege or attorney work product.

34. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL. In the event such an application is made, all persons described therein shall be bound

by the terms of this Order unless and until it is modified by the Court.  This Order is also subject to revocation or modification by written agreement of the Parties (or, as applicable, the Parties and non-parties).

SO ORDERED, this the 14th day of September, 2015

Judge Amy Totenberg
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **COX COMMUNICATIONS, INC.,** | |
| **Plaintiff,** | **Civil Action No.** |
| | **1:15-CV-01657-AT** |
| **v.** | |
| **AT&T SERVICES, INC.,** | |
| **Defendant.** | **JURY TRIAL** |

**APPENDIX A**

UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER

I, _____declare that:

1.     My  address  is  _____.     My

current employer is _____ . My current

occupation is _____.

2.     I have received a copy of the Protective Order in this Action.  I have

carefully read and understand the provisions of the Protective Order.

3.     I will comply with all of the provisions of the Protective Order.  I will

hold in confidence, will not disclose to anyone not qualified under the Protective

Order, and will use only for purposes of this Action any information designated as

"CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.     Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____     Date _____